FERRAIOLI, APPELLANT, *v.* THE REGISTRAR OF PONCE, RESPONDENT.

APPEAL from a Decision of the Registrar of Property Denying Admission to Record of a Deed of Sale.

No. 218.—Decided April 23, 1915.

RECORD OF TITLE—CONVEYANCE—CONJUGAL PARTNERSHIP.—In order that the conveyance or encumbrance of a propertyy acquired during the conjugal partnership and recorded in the registry in the name of only one of the spouses may be recorded, it is necessary that the deed therefor be executed by both spouses; for, according to the registry, they are both the owners of the property.

ID.—PRIVATE PROPERTY OF SPOUSE—CONVEYANCE—CONJUGAL PARTNERSHIP.—Although one of the spouses purchases the property with his own money and is the sole owner, the records of the registry must show this fact before the registrar can record a conveyance of the property, according to article 20 of the Mortgage Law.

ID.—SUPPLEMENTARY DEED.—A previous record in the name of a vendor cannot be supplied by making reference in the record to a supplementary deed exhibited with the deed of sale, for this would be in violation of article 2 of the Mortgage Law which requires that instruments conveying or declaring ownership of real property or property rights therein shall first be recorded.

The facts are stated in the opinion.

*Mr. Vicente Zayas Pizarro* for the appellant.

Mr. José Miguel Márquez, the registrar, appeared *pro se.*

MR. JUSTICE ALDREY delivered the opinion of the court.

According to the Registry of Property of Ponce, Aguedo Bosch is the owner of a house and lot which he purchased during his wedlock with Catalina Porrata.

Some time later during the wedlock Catalina Porrata Masso, by a deed of December 19, 1914, sold the said property to Blas Ferraioli y Florenzano, reserving the right of redemption. It was set out in the deed that although the property was recorded in the registry as belonging to the conjugal partnership, it appears from another supplementary deed that it is the private property of the vendor, her husband having purchased it with money belonging exclusively to her which she had inherited from her father.

The deed of sale with right of redemption which she had executed, together with the said supplementary deed, having been presented in the registry for record, the registrar refused to record said sale for the reasons stated in the following decision which was subjoined to the deed:

"The foregoing document, which is accompanied by the supplementary deed referred to therein, is denied admission to record because of the incurable defects that the property sold is recorded in the name of Aguedo Bosch, a person distinct from the grantor, and that the supplementary deed on which she bases her right is void, inasmuch as it is really only a transfer of ownership between spouses; and in case it were not void, it should be recorded first as such deed and not merely as an exhibit as it is now presented. A cautionary notice has been entered for 120 days, etc."

From that decision Blas Ferraioli took the present administrative appeal, praying that it be reversed and the registrar ordered to admit the document to record.

The respondent registrar acted correctly in refusing to admit to record the deed of sale with right of redemption.

The property in question is recorded in the registry in the name of Aguedo Bosch as having been acquired during the conjugal partnership and in order that its conveyance or

encumbrance may be recorded it is necessary that the deed therefor be executed by both spouses, for, according to the registry, they are the owners of the property.

If Catalina Porrata is the sole owner of the property because her husband purchased it for her with her private money, the records of the registry must show this fact before the registrar can record the conveyance made by her, for, according to article 20 of the Mortgage Law, in order to permit of the record or entry of deeds conveying or encumbering the ownership or possession of real property or property rights, the interest of the person executing the conveyance or encumbrance, or in whose name it is made, must first appear of record.

Such previous record in the name of vendor Catalina Porrata cannot be supplied, as is maintained by the appellant, by making reference in the record to the supplementary deed exhibited, for this would be in violation of the provision of article 2 of the Mortgage Law which requires that instruments conveying or declaring ownership of real property or property rights therein shall be recorded previously. As a matter of fact, the supplementary deed is not explanatory of any clause of the deed of sale, but only sets forth that Catalina Porrata is the sole owner of the property and it must be recorded before the conveyance made by the wife can be recorded.

Although one of the grounds on which the registrar based his refusal to record the deed is that the supplementary deed is void, inasmuch as we are of the opinion that it cannot be regarded as explanatory of the deed of sale and as the question of its validity is not now at issue for the purpose of thereby recording the property as belonging exclusively to Catalina Porrata, the said ground of the decision was not pertinent and we need not decide that question in this appeal.

For the foregoing reasons the decision appealed from should be

*Affirmed.*

Chief Justice Hernández and Justices Wolf, del Toro and Hutchison concurred.